IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VERTIQUE, INC.,

    Plaintiff,

vs.     CASE NO.: 6:05-cv-460-Orl-18DAB

DARBY AUTOMATION, LLC,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Vertique Inc.'s motion for preliminary injunction and accompanying memorandum of law (Doc. 15, filed April 22, 2005), to which Defendants have responded in opposition (Docs. 38 & 39, filed May 4, 2005). For the reasons stated herein, the Court denies the motion.

Plaintiff Vertique, Inc. ("Vertique") has filed this motion seeking to enjoin Defendant Darby Automation, LLC ("Darby") from continuing to produce and sell "case picking systems" that allegedly infringe upon Vertique's '116 Patent. To prevail on its motion for preliminary injunction, Vertique must prove the following four factors: (1) a reasonable likelihood of success on the merits; (2) irreparable harm absent an injunction; (3) that the balance of hardships tips in its favor; and (4) that the public interest favors an injunction. Tate Access Floors, Inc. v. Interface Architectural Res., Inc., 279 F.3d 1357, 1364-65 (Fed. Cir. 2002). In order to demonstrate likely success on the merits, Vertique must show that, in light of the presumptions and burdens applicable at trial, it will likely prove that Darby infringed the

AO 72A
(Rev.8/82)

asserted claims of the '116 Patent and that the patent will likely withstand Darby's challenges to its validity. Id. at 1365.

After careful consideration of the evidence presented by both parties, the Court finds that the numerous factual disputes concerning the similarity of the Vertique and Darby case picking systems preclude a finding that Darby has a substantial likelihood of success on the merits. The Court notes that the cases relied upon by Vertique are in the context of summary judgment and trial, rather than a preliminary injunction. A preliminary injunction is an extraordinary remedy, which is to be granted only when the movant clearly establishes its burden of persuasion. Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003). In light of the foregoing, Plaintiff's motion (Doc. 15) is **DENIED**.

**DONE AND ORDERED** this ___ day of May, 2005.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record